EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0480
    Facsimile: (213) 894-7613
    E-mail:    bruce.riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 05-0155-SJO (GPS) |
| Plaintiff, | CV No. 16-4349-SJO |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| TONY RIVERA, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jennifer Chou, hereby files its opposition to defendant Tony Rivera's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on June 17, 2016.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 13, 2016       Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


         /s/
BRUCE K. RIORDAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 29, 2005, after a federal jury trial, the Hon. George P. Schiavelli presiding, defendant Tony Rivera ("defendant") was found guilty of Count 2 of the Indictment against him, which charged him with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).[1] (CR Dkt. 51.) On April 5, 2006, the district court sentenced defendant to a term of life imprisonment on the count of conviction. (CR Dkt. 58.)

On June 26, 2015, the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness. The Court did not address whether the holding applies to the identical language in USSG § 4B1.2's career offender Guideline. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson announced a new substantive rule of constitutional law that applies retroactively on collateral review to ACCA-enhanced sentences. Id. at 1264-68. Just as Johnson did not address its applicability to the Guidelines, Welch did not address whether Johnson applies retroactively to sentences based on the Guidelines.

On June 17, 2016, defendant filed the instant motion, entitled a "Motion to Preserve Retroactive Ruling Johnson v. U.S." pursuant to Title 28 U.S.C. § 2255, alleging, in essence, that in light of

---

[1] Defendant was convicted of count two of the indictment and count one resulted in a mistrial.

1  Johnson, the United States Sentencing Guidelines ("Guidelines" or
2  "USSG") offense level calculations, which found him to be a career
3  offender within the meaning USSG Sections 4B1.1 and 4B1.2 may have
4  been incorrect.  (Petition at 1-2.)   While defendant appears to
5  concede that Johnson does not apply to his case, he also moves to
6  "preserve" the argument that the ruling Johnson could, in future
7  proceedings, be applied to negate the district court's sentence in
8  his case.  (Petition at 2.)

9  Defendant's Guidelines offense level included a career
10 offender enhancement pursuant to USSG § 4B1.1(a), that was based on
11 his predicate controlled substance offenses, which are completely
12 unrelated to crimes of violence, the residual clause, and Johnson
13 and Welch (which, again, do not at this time apply to the
14 Guidelines).  As a result, defendant's Section 2255 motion is
15 misplaced as a matter of both law and fact.  Given the facts of his
16 underlying criminal case, and because there is no Johnson-related
17 argument to either assert or preserve in this matter, defendant's
18 motion must be denied.

19 **II.   STATEMENT OF RELEVANT FACTS**

20 As set forth in the defendant's Presentence Report ("PSR"),
21 disclosed on November 22, 2005, defendant's criminal history
22 included three prior felony convictions for drug trafficking
23 offenses that constituted "controlled substance offenses" within the
24 meaning of USSG § 4B1.1: (1) a conviction for possession of a
25 cocaine for sale, in violation of California Health & Safety Code
26 § 11351, on December 14, 1987, in Case No A816509; (2) a conviction
27 for possession of a controlled substance for sale, in violation of
28 California Health & Safety Code §§ 11350(a) and 11357(a), on July 8,

2

1993, in case number PA010289; and (3) a conviction for possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378, on October 27, 1997, in case number PA026828.  (PSR ¶¶ 32-34, 41, 54, 58.)

The PSR first calculated the Guidelines offense level for the count of conviction.  The PSR applied a base offense level of 34 under USSG § 2D1.1 based on the large quantity of the narcotics related to the offense conduct.  (PSR ¶ 24.)  Because defendant had previously sustained "at least two felony convictions for controlled substance offenses," namely, the three drug convictions described above, his total offense level was increased to 37.  (PSR ¶¶ 32-34.) With defendant's criminal history category of VI as a result of his career offender status,[2] (PSR ¶ 70), the corresponding Guidelines range called for a sentence of life imprisonment.  (PSR ¶ 96.)

At sentencing on April 5, 2005, the district court sentenced defendant to a term of life imprisonment, as called for by the applicable Guidelines range.  (CR Dkt. 58-59.)

**III. ARGUMENT**

Defendant's petition is without legal or factual merit.  His career offender offense level was based on his prior convictions for controlled substance offenses, which have nothing to do with the holdings of Johnson and Welch.  In fact, defendant did not — and cannot - identify any prior conviction of his to which Johnson or Welch would apply.  Nor has defendant identified any other basis for the petition.

---

[2] Without the career offender enhancement, defendant had 8 criminal history points, which also resulted in criminal history category VI.  PSR ¶ 68-69.

3

As described above, there are no <u>Johnson</u>-related claims to either assert or preserve here and therefore defendant's petition must fail.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court summarily deny the petition.

4