| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 16-04349 SJO    **DATE:** December 1, 2016
             CR 05-00155 SJO

**TITLE:** Rivera v. United States of America

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                             Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PETITIONER:**          **COUNSEL PRESENT FOR RESPONDENT:**

Not Present                                  Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PETITIONER'S MOTION TO PRESERVE NEW RETROACTIVE RULING "*JOHNSON V. U.S.*" CLAIM FOR FURTHER PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255(f)(3)** [CV 1] [CR 90]

This matter is before the Court on Petitioner Tony Rivera's ("Petitioner") Motion to Preserve New Retroactive Ruling "*Johnson v. U.S.*" Claim for Further Proceedings Pursuant to 28 U.S.C. § 2255(f)(3) ("Motion"), filed June 17, 2016. Respondent the United States of America ("the Government" or "Respondent") opposed the Motion ("Opposition") on September 13, 2016, and Petitioner did not reply by the November 4, 2016 deadline imposed by the Court on July 26, 2016. (*See* Am. Order Modifying Br. Schedule, ECF No. 7.) The Court finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Petitioner's Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2005, the Government indicted Petitioner on two counts related to the possession and intent to distribute methamphetamine. (*See* Indictment, CR 11.) On August 29, 2005, after a federal jury trial, the Honorable George P. Schiavelli presiding, Petitioner was found guilty of Count 2 of the Indictment, which charged him with possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Verdict, CR 51; Minutes of 5th Day Jury Trial, CR 50.) On April 5, 2006, the district court sentenced Petitioner to a term of life imprisonment on the count of conviction. (Minutes of Sentencing, CR 58.)

Petitioner's Presentence Investigation Report ("PSR"), disclosed on November 22, 2005 and filed with this Court, under seal, on September 28, 2016, noted that Petitioner's criminal history included three prior felony convictions for drug trafficking offenses that constituted "controlled substance offenses" within the meaning of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1: (1) a conviction for possession of a cocaine for sale, in violation of California Health & Safety Code § 11351, on December 14, 1987; (2) a conviction for possession of a controlled

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** **CV 16-04349 SJO**              **DATE:** **December 1, 2016**
             **CR 05-00155 SJO**

substance for sale, in violation of California Health & Safety Code §§ 11350(a) and 11357(a), on July 8, 1993; and (3) a conviction for possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378 on October 27, 1997. (*See* PSR ¶¶ 32-34, 41, 54, 58, CR 99, CV 13.) In calculating Petitioner's Guideline offense level, the PSR first applied a base offense level of 34 under U.S.S.G. § 2D1.1, based on the large quantity of the narcotics related to the offense. (*See* PSR ¶ 24.) This base offense level was increased to **thirty-seven (37)** in light of Petitioner's three prior drug convictions described above. (*See* PSR ¶¶ 32-34.) In light of Petitioner's criminal history category of VI as a result of his career offender status, (*see* PSR ¶ 70), the Guidelines called for a sentence of life imprisonment, (*see* PSR ¶ 96). Without this career offender enhancement under U.S.S.G. § 4B1.1, the PSR would have calculated a criminal history category of IV in light of Petitioner's eight (8) criminal history points. (PSR ¶¶ 68-70.) The Guidelines call for a sentencing range between 292 and 365 months where a crime with offense level 37 is committed by someone with a criminal history category of IV. (*See* U.S.S.G., ch. 5, pt. A.)

At the sentencing hearing on April 5, 2005, the district court sentenced Petitioner to a term of life imprisonment, as called for by the applicable Guidelines range. (Minutes of Sentencing, CR 58-59.) Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals, (*see* Notice of Appeal, CR 61), which affirmed both his conviction and sentence on August 7, 2007, (*see* J. of Ninth Circuit Court of Appeals, CR 69). This Motion followed.

II.    DISCUSSION

Petitioner, moving *pro se*, asks the Court "to preserve the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), for further proceedings in his criminal case." (*See* Mot. 1, CR 90, CV 1.) Petitioner appears to admit that although his "case and circumstances do not reflect the application of '*Johnson*' at this time," he nevertheless "moves to preserve the right under the hope that further development of law applicable to his criminal case make him eligible for the '*Johnson*' new law." (Mot. 1-2.) Petitioner notes that although *Johnson* declared the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, its holding "may apply equally to § 4B1.1 and § 4B1.2 'residual clause' because the 'indeterminancy of the wide-ranging inquiry required by the residual clause in both denies fair notice to defendants and invites arbitrary enforcement by judges.'" (Mot. 2 (quoting *Johnson*, 135 S. Ct. at 2557).)

Although it is true that the United States Supreme Court has granted certiorari in *Beckles v. United States*, S. Ct. No. 15-8544, — S. Ct. —, 2016 WL 1029080 (June 27, 2016), to determine (1) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause of U.S.S.G. § 4B1.2(a)(2); and (2) whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review, Petitioner's sentence was not enhanced under the "residual clause" found in U.S.S.G. § 4B1.2(a)(2). Instead, as pointed out

Case 2:05-cr-00155-SJO   Document 100   Filed 12/01/16   Page 3 of 3   Page ID #:197

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-04349 SJO
            CR 05-00155 SJO

**DATE:** December 1, 2016

by the Government, Petitioner was deemed a "career offender" under the Guidelines in light of having committed two or more "controlled substance offenses," as the term is defined in U.S.S.G. § 4B1.2(b).  (*See* PSR ¶¶ 32, 68-70.)  Indeed, the PSR expressly states:

> Pursuant to § U.S.S.G. § 4A1.1(a), the defendant qualifies as a career offender if a.) the defendant was at least 18 years old at the time of the commission of the instant offense; b.) the instant offense of conviction was either a crime of violence or a controlled substance offense; and, c.) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  In this case, the defendant was at least 18 years old at the time of the commission of the instant offense, which was a controlled substance offense.  Further, the defendant has two prior felony convictions for controlled substance offenses (Possess controlled substance for sale).  Therefore, the defendant is a career offender.

(PSR ¶ 32.)  Petitioner has not, and cannot, identify any prior conviction of his to which *Johnson* or its progeny would apply.  Nor has Petitioner identified any other basis for granting his Motion.  The Court therefore **DENIES** Petitioner's Motion.

IIII.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Petitioner Tony Rivera's Motion to Preserve New Retroactive Ruling "*Johnson v. U.S.*" Claim for Further Proceedings Pursuant to 28 U.S.C. § 2255(f)(3).

IT IS SO ORDERED.